FILED
NOV 19 2008
Clerk, U.S. District and Bankruptcy Courts

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Jose Cabreja, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **08 1992** |
| ) | |
| United States Citizenship and Immigration ) | |
| Services, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, a federal prisoner, has filed an application to proceed without pre-payment of fees and a complaint for mandamus under 28 U.S.C. § 1361. The application to proceed *in forma pauperis* will be granted. Because it is clear on initial review that the complaint does not state a claim upon which mandamus relief may be granted, the action will be dismissed. 28 U.S.C. § 1915A.

Plaintiff Jose Cabreja is facing deportation "to his home country." (Compl. at 3.) To avoid deportation, on November 12, 2007, Cabreja sent a request to the United States Citizenship and Immigration Services ("USCIS"), the defendant here, under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking information relating to his father's citizenship. (Compl. at 2.) The USCIS acknowledged the request, assigned a project number, and informed Cabreja that his request had been assigned to the "complex" track. In addition, the USCIS advised Cabreja that he would have to provide within 30 days a specific certification and his father's signature, or the request would be administratively closed. (Compl. Ex. (USCIS Letter to Cabreja, Nov. 28, 2007).) Citing 5 U.S.C. § 552(a)(6)(A)(*i*) and (C)(*i*), Cabreja alleges that the USCIS failed to



respond within the 20-day period allowed by law, and that Cabreja has therefore constructively exhausted his administrative remedies under the FOIA. He seeks a writ of mandamus ordering the USCIS to provide him with information responsive to his request.

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power'" will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that mandamus is "an extraordinary remedy reserved for really extraordinary cases") (internal quotation marks and citation omitted).

Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (internal quotation marks and citation omitted). Here, the complaint does not establish that Cabreja has a clear right to the relief requested or that the defendant has a clear duty to act. The disclosure of documents involving third persons is not a mere ministerial function. Rather, it is a discretionary act, to be weighed in light of the relevant law and specific authorizations. With respect to the third requirement, "[t]he common law writ of mandamus, as

codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Here, Cabreja has not exhausted **all** other avenues of relief, or even his mandatory administrative remedies under the FOIA.[1] Because the complaint does not state claim upon which mandamus relief may be granted, it will be dismissed. 28 U.S.C. § 1915A(b)(1). A separate order accompanies this memorandum opinion.

Date: 6/30/08

United States District Judge

---

[1] Cabreja's conclusion that he is entitled to constructive exhaustion is misplaced and contradicted by the USCIS letter appended to the complaint. The law does not require an agency to produce within 20 days the results of a search based on a FOIA request. Rather, it requires an agency to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and [to] immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(*i*).